## Buck *v.* Waddle and McGarraugh.

*New Trial—Special Contract—General Counts.*

If parol contract for sale of lands is not executed by vendor, the money paid may be recovered back.

Where substantial justice is done by a verdict, new trial will not be granted upon technical grounds.

This was an action of assumpsit. The declaration contained the common money counts, in support of which the plaintiff offered the deposition of Joseph Ronck, which stated, in substance, that deponent had sold to defendants eight lots of ground, for which they owed him $1,200; that the defendants were to pay the money secured by a mortgage on the premises, previously given by deponent to John T. Barr, for about $800. That after that contract, and before the execution of the deed, the defendants told deponent they had sold one of the lots to Samuel Buck, the plaintiff, for $125, and that Buck was to pay the money to the deponent for the defendants' use; that he had understood from both parties that the defendants were to cancel and lift the mortgage, so that it should have no lien on the lot sold to Buck; that the defendants directed him to make a deed for the lot to Buck, which he did on Buck's securing the $125; that, on a settlement with the defendants, he gave them a credit for the $125; that he had no interest in the event of the cause, for Waddle, McGarraugh, and Buck knew the situation of the case as well as he did, and Buck gave him a general release on the 15th July last, and had since given him a special release. The deed to Buck was a general warranty deed. The releases referred to in the deposition were produced. By the first, "Buck releases to Ronck, his heirs, etc., all demand in law or equity against him, by reason of any act of him, said Ronck, to this day." The second releases "all right of *action against [358 him on account of any real estate by him deeded to me, and allow him to convey the same to any one else." The deposition was objected to, but the court being divided on the question, it went to the jury. The plaintiff then proved the mortgage from Ronck to

Barr, and produced the record of a judgment by *scire facias* on the mortgage, in favor of Barr against Ronck, and an execution on the judgment, by which it appeared the lot had been sold by the sheriff, and purchased by the defendant, Waddle. A witness was then called, who proved that after the above transactions a blacksmith wished to rent the lot; that the defendant, Waddle, said Buck had no right to rent the lot till he paid the expense of the sheriff's deed ; that he could have the lot if he would pay that expense. He thought Waddle also said that he himself had no right to rent it.

The second witness testified that Buck lived on the lot at least one year ; that he afterward rented it to a person of the name of Legore; that the witness himself had rented it of Buck for ten months, for which he paid him $20 ; that he was still occupying the lot, but under no particular person ; that no one molested him.

The third, and last witness, testified to the possession of Buck, and that Wilson had rented from him.

No testimony was offered to show the plaintiff had divested himself of the title derived from Ronck, or that he had given notice of his intention to abandon the contract, other than by the commencement of the suit.

On this evidence, the case went to the jury, who found for the plaintiff.

The defendants moved to set aside the verdict, and grant a new trial: 1. Because the deposition of Ronck was improperly admitted. 2. Because the testimony presented a case which did not entitle the plaintiff to a recovery in this form of action. The court were divided, and the decision reserved, etc.

KING, in support of the motion :

If the release to Ronck rendered him a competent witness, on the ground of interest, yet his testimony was improperly received, because irrelevant.

359] *The contract between the parties, upon which the action is founded, as proved by Ronck, is a parol contract for the sale of land, and is within the statute of frauds. One stipulation in this contract was, that the defendants should remove the incumbrance of the mortgage. This stipulation remains unexecuted, and the contract is therefore executory, and no action can be sustained upon it.

370

Upon this latter circumstance the second exception to the plaintiff's right of recovery in this particular form of action is also grounded. It is agreed that when a contract is executed, or put an end to by other act of the parties, the money paid upon it may be recovered back in the common counts. But if the contract continue open, he must proceed upon it, and recover damages for the breach. 1 Term, 133. But one party can not, at his discretion, put an end to a contract for any default of the other party. This can only be done where both parties can be placed in *statu quo.* 5 East, 449.

In this case Buck agreed to pay Ronck and take his deed. Waddle and McGarraugh agreed to pay off the mortgage, so as to remove the incumbrance. Buck paid Ronck, obtained his deed, and took possession. The defendants did not pay off the mortgage, and in this violated their agreement. But this violation could not give Buck a right to rescind the agreement, and recover back his money. Such a course would not place the parties in the situation they were in before the contract. In virtue of it Buck had obtained and held Ronck's deed, upon which, after eviction, he could have his action against Ronck. He held, and for some time had enjoyed, the possession. By rescinding the contract, and recovering back his money, he would retain all these advantages. By being put to his special action on the agreement, they would be estimated in ascertaining the damages he should recover.

But if the facts of the case would have authorized Buck to rescind the contract, and claim his purchase money paid, he could not do this by simply suing out his writ. A release of the covenants of the deed, and a restoration of the possession, with an express declaration of abandonment or rescission, ought to have been made. Instead of this he retains both possession and deed to this day. There is no *case in which the party must perform a [360 series of acts, in the rescission of a contract, where he has been permitted to abandon it, and recover on the money counts. There is no sound reason or good principle which now warrants such a precedent.

LEONARD, for the plaintiff:

If we were seeking to enforce a parol contract for the purchase of a tract of land, there might be some force in the objection that the testimony of Ronck proves a case within the statute of frauds.

But if money is paid on a parol contract of this character, and the vendor rescinds that contract by refusing to execute it, this objection can, not be urged against the party recovering back the money paid. 5 Johns. 85; 20 Johns. 338.

On the second point, the rule is that wherever there is a special contract not under seal, and the contract is completely executed, the plaintiff may recover in the general counts, and is not driven to a special count. Bank of Columbia *v.* Patterson's administrators, 7 Cranch, 303; 2 Saunders, 360, note. Where, also, the defendant rescinds the contract, or where the plaintiff, by the terms of the original bargain, may put an end to the contract, which he accordingly does, the general counts are sufficient; and the reason assigned by Buller, in his Nisi Prius, 139, for the rule in the instance where performance has been had, is, that " PERFORMANCE raises a duty for which a general *indebitatus* assumpsit WILL LIE."

The cases to support the position, that where the contract has been rescinded, general counts are sufficient, to which I will refer the court, are 5 Johns. 85, before cited; Giles *v.* Edwards, 7 Term, 181; Towers *v.* Barret, 1 Term, 133; 15 Johns. 475; also, same book, 503. The last case clearly explains the reasons of the rule. A parol contract was made for the purchase of a tract of land, and money paid thereon. In an action brought by the purchaser to recover back the money thus paid, it was determined he should recover, because the contract was void by the statute of frauds, and therefore the money was paid without consideration; and where the contract is rescinded, it is the same as **361]** if no contract had ever existed. And it appears *from the cases, that the party may in some instances proceed on the special contract, or on the general counts at his option, as in the case where the plaintiff has fully performed his contract, or where he has partly performed, and been prevented by the defendant from completing the residue thereof; or where he has been entirely hindered by the defendant from the execution of the contract, or where the defendant has only in part completed his contract, and the plaintiff has entirely completed his. In that case, it is at his election to proceed with the special contract, or, treating the contract as rescinded, go on the general counts. Now all contend that in this case Buck might treat the contract as put an end to, and go on the general counts for the recovery of the money. For the purpose of fulfilling his engagement, Buck paid this money for the use of

Waddle and McGarraugh, and obtained a deed.   But Waddle and McGarraugh stipulated to extinguish a certain lien existing on the land, with which stipulation they failed to comply.   What is this but the case in 7 Term Reports.   There the plaintiffs paid twenty guineas; the defendant in part performed his contract, but not entirely.   The court allowed the plaintiff to recover back his money on general counts, the defendant's neglect authorizing the plaintiffs to consider the contract rescinded.   In 15 Johns. 475, the plaintiff sold defendant a quantity of whisky, and defendant paid the plaintiff in certain notes, representing the same to be good.   The contract was special, and reduced to writing.   The whisky was delivered in pursuance thereof; the notes turned out to be good for nothing.   Here the court held the plaintiff might recover on the general counts; the contract was put an end to by the acts of the defendant.   The only difference in the last case and this is, that there was a misrepresentation, and here a contract.   Suppose, in the case now before the court, the defendants had represented there was no mortgage on the premises; that they had extinguished it; then, according to the New York case, the plaintiff might have sustained his action on the general counts.   But shall it be said because he engaged to extinguish the mortgage and failed, such counts are not good?   In the case in 15 Johns. there was a special agreement; but the fraud enabled the plaintiff to treat it as if there had *been no agreement.   So here there was a special [362 contract to do a certain act, which act was the consideration of the payment of money; and that act not being done, we are entitled to consider the contract terminated by the defendant, and recover back our money paid as a consideration that has failed.   A special count might there have laid on the fraud, and so here on the contract; but we have seen that this circumstance will not preclude us from recovering on the general counts.   But if this view of the case is not deemed by the court as satisfactory, there is one which has always struck me as decisive.   Waddle and McGarraugh stipulated to extinguish this mortgage.   Instead of so doing they permitted the identical lot to be sold, and the estate of Buck therein to be divested, and became the purchasers and claimed the lot as their own by right, interfering with Buck's exercise of ownership.   Have they not by these acts rescinded the contract?   Would not their permitting others to have become the purchasers, thus divest-

ing Buck of the identical thing for the purchase of which he paid
his money, have been a rescission of the contract? Suppose we had
bought a horse and paid our money therefor, and some other held
a mortgage of the horse for a sum of money, and the vendor had
agreed to pay off that mortgage, but instead had not only suffered
another, but himself had bid in the property on the sale—could
not the vendee of the horse, after he was divested of his property,
THE IDENTICAL THING, by the vendor, treat the contract as rescinded,
and recover back the purchase money? Admit, if you please, that
in case there had been a warranty of the soundness of the horse,
and the horse was ailing, that in that case the vendee must resort
to a special count; yet where the horse himself, the identical thing
for which the purchase money was paid, was taken from the
vendee by the vendor, no matter by color of what plausible rea-
sons the act was done, I can not doubt but the vendee might con-
sider the contract as rescinded, and recover his purchase money
back again on the general counts for money had and received.
See the argument of Erskine in Towers and Barret, 1 Term, 133.
See also 5 Johns. 85. I sell you my horse; I contract to pay off
a lien existing on him; the sale of the horse, and the agreement
363] to pay off the lien are one thing; they constitute *the con-
sideration for the payment of the money; you pay me the money;
I do not deliver the horse; you can get back your money most as-
suredly in an action for money had and received. See the cases
before cited. I deliver the horse, but suffer, nay, am active to·
take him from you by the lien; you are divested of the identical
thing for which you paid the money; the whole contract is at an
end; it is the same as if the horse had never been delivered. You
may then most certainly recover back the money you have paid,
and are not driven to an action to recover only the amount of in-
jury done you by taking away the horse. The horse may have
sunk three-fourths in value, or may not have been worth the one-
fourth paid for him. He might suit your taste, and yet, divested
of the identical article purchased, you are to recover only the value
of that article in the general market. This is Buck's case exactly,
so far as it is a matter now submitted to the court. The effect of
the evidence of S. Lurfbourrow and others was submitted to the
jury, and lies in their province exclusively.

374

Buck *v.* Waddle and McGarraugh.

By the COURT:

We are all agreed that there is nothing in the first ground assigned for a new trial. It is well settled in New York and in Kentucky, that where money is paid upon a parol contract for the sale of land, and the vendor refuses or neglects to execute the contract, the money paid may be recovered back, and this stands upon too plain a principle of justice to be disputed.

Upon the second ground assigned, a majority of the court is of opinion that a new trial ought not to be granted. The defendants contracted to remove the lien of the mortgage from the lot they sold. They did not do so. On the contrary, they possessed themselves of the paramount title derived under the lien they agreed to extinguish, and refused to confirm it to the plaintiff unless he would make a new purchase. For the principle upon which they could demand a dollar for making a new deed, is none other than that having it in their power, they would insist upon a new bargain. Whether this amounted to an abandonment of the first contract was left to the jury, who have found in the affirmative. It is not pretended but that upon a special *count, rightly framed [364 upon the contract, the plaintiff ought to have recovered. Substantial justice has therefore been done, and where that is the case, a new trial ought not to be granted.

Judge BURNET's dissenting opinion:

In stating the reasons that have induced me to dissent from the opinion expressed by the court in this case, I shall confine myself to the second reason filed for a new trial, viz: that the testimony does not support an action for money had and received. The case appears to be this. Ronck, being the owner of certain lots in the town of Washington, mortgaged them to Barr, and afterward sold them to the defendants, who agreed to satisfy the mortgage. The defendants afterward sold one of the lots to the plaintiff for one hundred and twenty-five dollars, who, by the agreement, was to pay the purchase money to Ronck, and receive from him a deed, the defendants promising to discharge the mortgage. The plaintiff paid the purchase money, and received his deed, according to contract. The defendants did not satisfy the mortgage, as they were bound to do, in consequence of which the lot was sold on a judgment obtained on the mortgage, and purchased in by one of the defendants for the benefit of the plaintiff, who was required

to pay the expense of drawing the deed. The plaintiff took pos-session of the lot at the time of the contract, lived on it himself, and rented it to different persons. He still holds the deed; he has not restored the possession to the defendants, or offered to do so; nor has he given notice that he considered the contract at an end. On this state of the case, the question to be decided is, whether he can now recover from the defendants the money paid to Ronck in an action for money had and received. It is well settled that an action of assumpsit may be sustained on a sale, either for the price of the thing sold, or to recover back the purchase money, when there is a defect in the article sold, or a fraud in the vendor. It is also settled, that in every sale the vendor is supposed to have a good title, and if it turns out that his title is defective, the vendee may waive the contract, and recover back the money paid; and it is admitted that this principle applies to contracts for the sale of **365]** real estate, as well as of goods *and chattels. 5 Burr. 2639; 2 Black. 1078. In the case before us, it appears that the lot sold to the plaintiff was incumbered by a mortgage, of which he had notice, and in consequence of which it was afterward sold by the sheriff. The plaintiff, therefore, had a right to waive the bargain, and recover back the purchase money, unless his title had been otherwise secured. Without stopping to inquire whether the offer of a deed from the sheriff, on condition of paying the sum of one dollar, under the circumstances of this case, was not such a security of title as would bar him from the right of abandoning the contract, I will proceed to the inquiry, whether he has in fact waived the bargain, so as to entitle himself to this action, or whether, as the case stands, he was not turned over to his special action on the contract. In cases where the article sold has not been delivered, if there be a defect in the thing itself, or a fraud in the vendor, the vendee, by giving notice that he declines the bargain, may recover back his money in this form of action. But if possession has been given, the action for money had and received can not be maintained till the thing purchased has been restored; for till that be done, the contract is not at an end; it remains open, and the proper remedy is an action founded on the contract. Until the contract be terminated, its stipulations are matters that may be controverted. A contract may contain a warranty, or, as in this case, a promise to remove an incumbrance, and while the contract remains open, these stipulations may be disputed, but they

can not be tried in this form of action. The plaintiff must resort to the contract. In the case of Towers *v.* Barrett, 1 Term, 133, this action was sustained, but it was on the ground that the property purchased had been returned, and the contract thereby terminated; and it was admitted in that case, that while the contract continued open, the plaintiff could only recover damages, and that for that purpose he must state the special contract, and the breach of it. It was also said by Justice Buller, in that case, that if the plaintiff intended to recover back his money, he must rescind the contract, by returning the property in a reasonable time, otherwise he will be put to his action for damages on the special contract. Weston *v.* Downes, Doug. 23, was an action for money had and *received. The plaintiff was nonsuited by Lord [366 Mansfield, on the ground that there was a special contract, and that the defendant ought to have had notice, by the declaration, that he was sued on that contract. Buller, Justice, observed that the action would not lie, because the defendant had not precluded himself from entering into the contract by taking back the horses, and that when the contract is open it must be stated specially.

In Power *v.* Wells, cited in the last case, the defendant had warranted a horse sound, which proved to be unsound. The plaintiff having tendered a return of the horse, which was refused, brought an action for money had and received, to recover back twenty guineas paid on the contract, and it was held by the court that the action would not lie. The distinction seems to be clearly settled that when the contract has been disaffirmed, and the property restored, assumpsit will lie to recover back the money paid, but where the contract is open, or the property remains in the hands of the vendee, the action must be on the contract itself. In this case there is nothing in the evidence from which an inference can be drawn that the contract was terminated. On the contrary, it appears to be open, and subject to litigation. The plaintiff accepted, and still holds a general warranty deed for the lot, which is an affirmance of the contract. He was put into possession, has occupied and rented it, and the person now in possession is his tenant, holding over. The evidence of the first witness is nothing more than the expression of an opinion, by one of the defendants, that the plaintiff was liable to pay the expense of the sheriff's deed, and that he had no right to rent the lot till he had done so, or, in other words, that the plaintiff was bound by the bargain to

do something more than he had done. This language, so far from conveying an idea, that the contract was at an end, could only have proceeded from a conviction that it was opened and disputed. The import of it seems to be, that Waddle, having purchased in the lot, to quiet the title, the plaintiff ought to pay the expense of the deed, as, by the contract, the deed was to be made by Ronck, without expense to the defendants. If Waddle had believed that the contract was at an end, his language must have been very 367] different. But whether this opinion of Waddle *was correct or not, does not alter the case. The interest to be drawn from it is still the same, that the contract was open and disputed. If it be admitted that the release to Ronck has discharged the action of covenant, so as to make him a competent witness, it does not divest the plaintiff of his claim of title, nor of his possession. He may still consider Waddle as his trustee, and by a decree in chancery, require him to convey the right derived from the sheriff. The existence of such a remedy is a complete negative to the pretense that the contract is closed. The general rule on this subject is, that if there be a special contract it must be declared on. The safety of the defendant requires that he should be informed of the real ground of action. Should this rule be dispensed with, he may be surprised at the trial, and subjected to a judgment that might have been avoided, had he known in time the nature of the plaintiff's claim. He may also be exposed to the danger of a second recovery for the same cause. In Wear *v.* Burroughs, 1 Stra. 648, the plaintiff declared on a special contract, and also on an indebitatus assumpsit. At the trial he proved a special agreement, but variant from the one declared on, and the chief justice would not permit him to have recourse to his general counts. The same principle will be found in 1 Ld. Raym. 735; 1 Term, 447; 4 Term, 314. The plaintiff, in this case, having omitted a special count altogether, can not be in a better situation than if he had stated a special contract, and proved one different in substance from that which he had set out. The omission is as fatal as the variance and on the same principle.

See note A, at the end of the volume.